UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. |
| FRANCISCO DEIDA | 3:09CR127 (SRU) |

### RULING ON MOTION FOR A NEW TRIAL and MOTION FOR JUDGMENT OF ACQUITTAL

On March 4, 2010, a jury convicted Francisco Deida of two counts of bank robbery. Deida has filed a motion for judgment of acquittal and a motion for a new trial (doc. # 63). He argues that, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, I should issue a judgment of acquittal because the evidence presented at trial was insufficient to sustain a finding of guilt beyond a reasonable doubt on both counts of conviction. In addition, Deida moves for a new trial under Rule 33 on substantially similar grounds.

The evidence at trial was sufficient to sustain a verdict of guilty on both counts of bank robbery. Accordingly, Deida's motions are denied.

**I.      Standard of Review**

      A.      Motion for Judgment of Acquittal

"A defendant seeking to overturn a conviction on the ground that the evidence was insufficient bears a heavy burden." *United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000), *cert. denied*, 121 S. Ct. 1733 (2001). A reviewing court must consider the evidence as a whole, not in isolation, and must defer to the jury's determination of the weight of the evidence, credibility of witnesses, and competing inferences that can be drawn from the evidence. *Id.* The prosecution's proof does not need to exclude every possible hypothesis of innocence. *Id.*

In short, the reviewing court must view the evidence in the light most favorable to the prosecution and must reject the sufficiency challenge if it concludes that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

    B.    <u>Motion for a New Trial</u>

A trial court has "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). In exercising that discretion, the court may weigh the evidence and evaluate the credibility of witnesses. *Id.* Nevertheless, the court should generally defer to the jury's credibility assessments and intrude upon that function only in exceptional circumstances, such as when "testimony is patently incredible or defies physical realities." *Id.* at 1414. Even if the court rejects some or all of a witness's testimony, the test for determining if a new trial should be ordered remains whether "it would be a manifest injustice to let the guilty verdict stand." *Id.* (internal quotation omitted).

In other words, in order to grant a new trial under Rule 33, the court must answer "no" to the following question: "Am I satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that this defendant is guilty beyond a reasonable doubt?" *Id.*

**II.**    **Discussion**

The facts and circumstances of the case arise out of two bank robberies. On January 28, 2009, the Webster Bank in Milford, Connecticut was robbed by two disguised men. On April 6, 2009, the TD Bank in Woodbridge, Connecticut was also robbed by two disguised men. Deida

argues that the evidence proffered by the government at trial demonstrated that none of the eye witnesses to the two bank robberies could identify Deida as one of the robbers, nor was the identity of the robbers ascertainable from the video surveillance obtained from both banks.[1] Deida also argues that none of the physical evidence obtained from the scenes of Webster Bank or TD Bank linked Deida to the crimes. The government's only evidence linking him to the robberies, Deida contends, was the uncorroborated and unreliable testimony of Henry Crespo and a fake latex nose recovered by law enforcement officials from the robbers' getaway car, which was driven by Crespo.

There is no rule requiring the government to prove identity through eyewitness testimony. The general principle that proof of the elements of the crimes charged may be entirely based on circumstantial evidence applies with full force to cases where the question is the identity of the perpetrator. *United States v. Anglin*, 169 F.3d 154, 159 (2d Cir. 1999). Identity can be inferred from circumstantial evidence. *See United States v. Kwong*, 14 F.3d 189, 193 (2d Cir. 1994), *cert. denied*, 517 U.S. 1115 (1996). With respect to Deida's argument that Crespo's testimony was unreliable, the jury "is exclusively responsible for determining a witness' credibility." *United States v. Strauss*, 99 F.2d 692, 696 (2d Cir. 1999).

It is undisputed that the identification of Deida as the perpetrator of the crimes charged was an issue at trial. On that issue, the government presented the jury with evidence as follows.

---

[1] Deida does not challenge the sufficiency of the evidence as to the elements of bank robbery. A person is guilty of bank robbery if the government proves the following three elements beyond a reasonable doubt: (1) that the banks were federally insured; (2) the person took money that belonged to, or was in the care, custody, control, management or possession of the bank specified in the indictment from the person or in the presence of another; and (3) that the person took money in the care or custody of the bank by force and violence or by acting in an intimidating manner. 18 U.S.C. § 2113(a).

Henry Crespo, the government's cooperating witness, testified that he, Domingo Gonzalez, and Deida agreed to rob the Webster Bank in Milford, Connecticut. Tr. 3/1/10 at 295-99. Crespo told the jury that Gonzalez telephoned him on the morning of January 28, 2010 and arranged for Crespo to pick up Gonzalez and Deida. *Id.* at 301, 303-04. After the trio secured a firearm to use during the robbery, Crespo testified that he drove Deida and Gonzalez to the Webster Bank, dropped them off and drove around the block and awaited Gonzalez's phone call. *Id.* at 304-07. The testimony was corroborated by Gonzalez's cellular phone call detail records and surveillance video. *See* Gov't exs. 25 (call detail records) and 5I (surveillance video of the exterior of Webster Bank showing two men leaving the bank at the same time Gonzalez's cell phone placed a call to Crespo). Crespo also testified that Deida entered the Webster Bank with a gray bag and a firearm. Tr. 3/1/10 at 307-08. Laurie Glenn, a bank employee, testified that the robber who confronted her was a carrying a gray bag and brandishing a firearm. Tr. 2/25/10 at 60-62.

With respect to the April 6, 2009 robbery of TD Bank, Crespo testified that Gonzalez contacted Crespo to drive again. Tr. 3/1/10 at 323. Gonzalez's cell phone call detail record corroborated the testimony. *See* Ex. 25. Crespo told the jury that Gonzalez and Deida arrived at Crespo's home in New Haven and that Deida was wearing a fake nose and moustache. Tr. 3/1/10 at 323-24. Gonzalez then drove the three of them in Gonzalez's Cadillac to Amity Shopping Center in Woodbridge, Connecticut where Gonzalez parked near TD Bank. *Id.* at 325-27. Crespo testified that after he left the car to do a surveillance of the bank, Gonzalez parked the car near a dumpster and Crespo then took the driver's position as Gonzalez and Deida entered the bank. *Id.* at 327-29. Ivy Rodriguez, TD Bank Branch Manager, testified that one of the bank robbers wore a "fake nose with like a moustache." Tr. 3/1/10 at 167-68. Gonzalez and Deida

returned to the car and Crespo drove away. *Id.* at 329-330. The testimony was corroborated by that of Postman William Guthrie. Guthrie testified at trial that he witnessed two men leave the bank and get in a Cadillac. *Id.* at 227-28. Guthrie followed the Cadillac until he heard police sirens and returned to the bank. *Id.* at 229, 236. Crespo testified that a police car followed the Cadillac as Crespo drove home from TD Bank. *Id.* at. 331-34. Crespo abandoned the car and in a search of the Cadillac, law enforcement officials recovered a fake latex nose with DNA that matched the DNA of Deida. Tr. 3/2/10 at 511-13.

Based on that evidence, a rational jury could have found that Deida committed the crimes charged beyond a reasonable doubt. Accordingly, Deida's motion for acquittal is denied. Deida's request for a new trial on this ground is also denied. There was competent, satisfactory and sufficient evidence in the record to support the jury's verdict that Deida is guilty beyond a reasonable doubt.

### III. Conclusion

Deida's Motion for Judgment of Acquittal and Motion for a New Trial (**doc. # 63**) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 15th day of July 2010.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge